1  GEORGE S. CARDONA
   Acting United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
4  JUSTIN RHOADES (Cal. State Bar No.: 230463)
   JEFF MITCHELL (Cal. State Bar No.: 236225)
5  Assistant United States Attorneys
   Violent & Organized Crime Section
6       1500 United States Courthouse
        312 North Spring Street
7       Los Angeles, California 90012
        Telephone: (213) 894-2917/3380/0698
8       Facsimile: (213) 894-3713
        E-mail: ariel.neuman@usdoj.gov
9               justin.rhoades@usdoj.gov
                jeff.mitchell@usdoj.gov
10
   Attorneys for Plaintiff
11 UNITED STATES OF AMERICA

12                    UNITED STATES DISTRICT COURT

13            FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,        ) CR No. 09-230(A)-SVW
                                    )
15                  Plaintiff,      ) PLEA AGREEMENT FOR DEFENDANT
                                    ) DOLORES ARMENTA
16            v.                    )
                                    )
17 RAMON NARCISO MORALES            )
   MENDOZA, ET AL.,                 )
18                                  )
                                    )
19            Defendants.           )
                                    )

20

21      1.   This constitutes the plea agreement between DOLORES

22 ARMENTA ("defendant") and the United States Attorney's Office for

23 the Central District of California ("the USAO") in the above-

24 captioned case.  This agreement is limited to the USAO and cannot

25 bind any other federal, state or local prosecuting,

26 administrative or regulatory authorities.

27 //

28 //

<u>PLEA</u>

2.   Defendant agrees to plead guilty to count one of the First Superseding Indictment in <u>United States v. Ramon Narciso Mendoza, et al.</u>, CR No. 09-230(A)-SVW.

<u>NATURE OF THE OFFENSE</u>

3.   In order for defendant to be guilty of count one, which charges a violation of Title 21, United States Code, Section 846, the following must be true:

a.   Defendant entered into an agreement with at least one other person to commit the crime of distribution of heroin; and

b.   Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

4.   Moreover, in order for defendant to be subject to the statutory maximum and statutory minimum sentence set forth below, the government must prove beyond a reasonable doubt that it was reasonably foreseeable to defendant that the scope of the conspiracy of which defendant was a part involved the distribution of at least one hundred grams of a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic controlled substance.  Defendant admits that it was reasonably foreseeable to defendant that the scope of the conspiracy of which defendant was a part did, in fact, involve the distribution of at least one hundred grams of a mixture or substance containing a detectable amount of heroin, as described in Count One of the First Superseding Indictment.

1                            PENALTIES

2        5.   The statutory maximum sentence that the Court can

3   impose for this violation of Title 21, United States Code Section

4   846 is: 40 years imprisonment, a lifetime period of supervised

5   release, a fine of $2,000,000, and a mandatory special assessment

6   of $100.

7        6.   Absent a determination by the Court that defendant's

8   case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and

9   United States Sentencing Guideline § 5C1.2, the statutory

10  mandatory minimum sentence that the Court must impose for this

11  violation of Title 21, United States Code, Section 846 is:

12  5 years imprisonment, a 4-year term of supervised release, and a

13  mandatory special assessment of $100.

14       7.   Supervised release is a period of time following

15  imprisonment during which defendant will be subject to various

16  restrictions and requirements.  Defendant understands that if

17  defendant violates one or more of the conditions of any

18  supervised release imposed, defendant may be returned to prison

19  for all or part of the term of supervised release, which could

20  result in defendant serving a total term of imprisonment greater

21  than the statutory maximum stated above.

22       8.   Defendant also understands that, by pleading guilty,

23  defendant may be giving up valuable government benefits and

24  valuable civic rights, such as the right to vote, the right to

25  possess a firearm, the right to hold office, and the right to

26  serve on a jury.

27       9.   Under 21 U.S.C. § 862a, defendant will not be eligible

28  for assistance under state programs funded under the Social

                                3

1  Security Act or Federal Food Stamp Act and will not be eligible

2  for federal food stamp program benefits; furthermore, any such

3  benefits or assistance received by defendant's family members

4  will be reduced to reflect defendant's ineligibility.

5       10.  Defendant further understands that the conviction in

6  this case may subject defendant to various collateral

7  consequences, including but not limited to deportation,

8  revocation of probation, parole, or supervised release in another

9  case, and suspension or revocation of a professional license.

10 Defendant understands that unanticipated collateral consequences

11 will not serve as grounds to withdraw defendant's guilty plea.

                          FACTUAL BASIS

13      11.  Defendant and the USAO agree and stipulate to the

14 statement of facts provided below.  This statement of facts is

15 sufficient to support a plea of guilty to the charge described in

16 this agreement and to establish the sentencing guideline factors

17 set forth in paragraph 14 below.  It is not meant to be a

18 complete recitation of all facts relevant to the underlying

19 criminal conduct or all facts known to either party that relate

20 to that conduct.

21      Beginning on a date unknown and continuing through March 24,

22 2009, defendant knowingly and intentionally conspired to sell

23 more than 100 grams of heroin.  Specifically, defendant agreed to

24 receive heroin from co-defendants and sell some of the heroin for

25 profit.  Defendant would order heroin packaged for distribution

26 from co-defendant Pedro Luis Perez-Cruz, aka "Arguayo," who would

27 deliver the heroin to defendant or direct others to deliver the

28 heroin to defendant.  Defendant would then sell some of the

                                4

1 heroin for profit.   Throughout October and November 2008,

2 defendant arranged to purchase heroin from Perez-Cruz for

3 distribution and personal use approximately three times per week.

4 On December 4, 2008, law enforcement found defendant in

5 possession of approximately 6.17 grams of heroin packaged in

6 multi-colored balloons for individual distribution, which had

7 been delivered to her by a co-defendant in the parking lot of a

8 "99 Cent" store in Los Angeles, California.

9        Throughout her participation in the conspiracy, defendant

10 knew that the substance she possessed and sold was heroin.

11 Defendant further admits she knew that the conspiracy to sell

12 heroin included an agreement to sell more than 100 but less than

13 400 grams of heroin.

14                    WAIVER OF CONSTITUTIONAL RIGHTS

15        12.   By pleading guilty, defendant gives up the following

16 rights:

17              a) The right to persist in a plea of not guilty.

18              b) The right to a speedy and public trial by jury.

19              c) The right to the assistance of legal counsel at

20 trial, including the right to have the Court appoint counsel for

21 defendant for the purpose of representation at trial.   (In this

22 regard, defendant understands that, despite her plea of guilty,

23 she retains the right to be represented by counsel -- and, if

24 necessary, to have the court appoint counsel if defendant cannot

25 afford counsel -- at every other stage of the proceeding.)

26              d) The right to be presumed innocent and to have the

27 burden of proof placed on the government to prove defendant

28 guilty beyond a reasonable doubt.

1    e) The right to confront and cross-examine witnesses
2 against defendant.
3    f) The right, if defendant wished, to testify on
4 defendant's own behalf and present evidence in opposition to the
5 charges, including the right to call witnesses and to subpoena
6 those witnesses to testify.
7    g) The right not to be compelled to testify, and, if
8 defendant chose not to testify or present evidence, to have that
9 choice not be used against defendant.
10    By pleading guilty, defendant also gives up any and all
11 rights to pursue any affirmative defenses, Fourth Amendment or
12 Fifth Amendment claims, and other pretrial motions that have been
13 filed or could be filed.
14                    SENTENCING FACTORS
15    13.  Defendant understands that the Court is required to
16 consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),
17 including the kinds of sentence and sentencing range established
18 under the United States Sentencing Guidelines ("U.S.S.G." or
19 "Sentencing Guidelines"), in determining defendant's sentence.
20 Defendant further understands that the Sentencing Guidelines are
21 advisory only, and that after considering the Sentencing
22 Guidelines and the other § 3553(a) factors, the Court may be free
23 to exercise its discretion to impose any reasonable sentence up
24 to the maximum set by statute for the crime of conviction.
25    14.  Defendant and the USAO agree and stipulate to the
26 following applicable Sentencing Guidelines factors:
27    Base Offense Level  :    26    U.S.S.G. § 2D1.1(c)(7)
28    Minor Role Adjustment:    -2    U.S.S.G. § 3B1.2(b)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant also understands that defendant's base offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. In the event that defendant's offense level is so altered, the parties are not bound by the base offense level stipulated to above.

15. The parties agree that:

a) Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

b) The offense did not result in death or serious bodily injury to any person; and

c) Defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise.

16. There is no agreement as to defendant's criminal history or criminal history category.

17. Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

18. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and

1  the Court, (b) correct any and all factual misstatements relating

2  to the calculation of the sentence, and (c) argue on appeal and

3  collateral review that the Court's Sentencing Guidelines

4  calculations are not error, although each party agrees to

5  maintain its view that the calculations in paragraph 14 are

6  consistent with the facts of this case.

7  DEFENDANT'S OBLIGATIONS

8     19.   Defendant agrees that she will:

9       a) Plead guilty as set forth in this agreement.

10      b) Not knowingly and willfully fail to abide by all

11  sentencing stipulations contained in this agreement.

12      c) Not knowingly and willfully fail to: (i) appear for

13  all court appearances, (ii) surrender as ordered for service of

14  sentence, (iii) obey all conditions of any bond, and (iv) obey

15  any other ongoing court order in this matter.

16      d) Not commit any crime; however, offenses which would

17  be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are

18  not within the scope of this agreement.

19      e) Not knowingly and willfully fail to be truthful at

20  all times with Pretrial Services, the U.S. Probation Office, and

21  the Court.

22      f) Pay the applicable special assessment at or before

23  the time of sentencing unless defendant lacks the ability to pay

24  and submits a completed financial statement (form OBD-500) to the

25  USAO prior to sentencing.

26  THE USAO'S OBLIGATIONS

27     20.   If defendant complies fully with all defendant's

28  obligations under this agreement, the USAO agrees:

8

1          a) To abide by all sentencing stipulations contained in

2   this agreement.

3          b) At the time of sentencing to move to dismiss the

4   remaining counts of the indictment as against defendant.

5   Defendant agrees, however, that at the time of sentencing the

6   Court may consider the dismissed counts in determining the

7   applicable Sentencing Guidelines range, where the sentence should

8   fall within that range, the propriety and extent of any departure

9   from that range, and the determination of the sentence to be

10  imposed after consideration of the Sentencing Guidelines and all

11  other relevant factors under 18 U.S.C. § 3553(a).

12         c) At the time of sentencing, provided that defendant

13  demonstrates an acceptance of responsibility for the offense up

14  to and including the time of sentencing, to recommend a two-level

15  reduction in the applicable sentencing guideline offense level,

16  pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,

17  move for an additional one-level reduction if available under

18  that section.

19         d) To recommend that defendant be sentenced to a term

20  of imprisonment at the low end of the applicable Sentencing

21  Guidelines imprisonment range provided that the total offense

22  level as calculated by the Court is 21 or higher (or 19 or higher

23  should the Court determine that defendant's case satisfies the

24  criteria set forth in 18 U.S.C. § 3553(f) and United States

25  Sentencing Guideline § 5C1.2) and provided that the Court does

26  not depart downward in offense level or criminal history

27  category.  For purposes of this agreement, the low end of the

28  //

1  Sentencing Guidelines imprisonment range is that defined by the

2  Sentencing Table in U.S.S.G. Chapter 5, Part A.

3                          BREACH OF AGREEMENT

4       21.   If defendant, at any time after the execution of this

5  agreement, knowingly violates or fails to perform any of

6  defendant's agreements or obligations under this agreement ("a

7  breach"), the USAO may declare this agreement breached.  If the

8  USAO declares this agreement breached at any time following its

9  execution, and the Court finds such a breach to have occurred,

10  then: (a) if defendant has previously entered a guilty plea,

11  defendant will not be able to withdraw the guilty plea, and

12  (b) the USAO will be relieved of all of its obligations under

13  this agreement.

14       22.   Following the Court's finding of a knowing and willful

15  breach of this agreement by defendant, should the USAO elect to

16  pursue any charge that was either dismissed or not filed as a

17  result of this agreement, then:

18            a) Defendant agrees that any applicable statute of

19  limitations is tolled between the date of defendant's signing of

20  this agreement and the commencement of any such prosecution or

21  action.

22            b) Defendant gives up all defenses based on the statute

23  of limitations, any claim of pre-indictment delay, or any speedy

24  trial claim with respect to any such prosecution, except to the

25  extent that such defenses existed as of the date of defendant's

26  signing this agreement.

27            c) Defendant agrees that: (i) any statements made by

28  defendant, under oath, at the guilty plea hearing (if such a

1 hearing occurred prior to the breach); (ii) the stipulated

2 factual basis statement in this agreement; and (iii) any evidence

3 derived from such statements, are admissible against defendant in

4 any such prosecution of defendant, and defendant shall assert no

5 claim under the United States Constitution, any statute, Rule 410

6 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules

7 of Criminal Procedure, or any other federal rule, that the

8 statements or any evidence derived from any statements should be

9 suppressed or are inadmissible.

10 <u>LIMITED MUTUAL WAIVER OF APPEAL</u>

11     23.   Defendant gives up the right to appeal any sentence

12 imposed by the Court, and the manner in which the sentence is

13 determined, provided that (a) the sentence is within the

14 statutory maximum specified above and is constitutional, and

15 (b) the Court imposes a sentence within or below the range

16 corresponding to a total offense level of 21, and the applicable

17 criminal history category as determined by the Court.

18 Notwithstanding the foregoing, defendant retains any ability

19 defendant has to appeal the conditions of supervised release

20 imposed by the Court, with the exception of the following:

21 conditions set forth in General Orders 318, 01-05, and/or 05-02

22 of this Court; the drug testing conditions mandated by 18 U.S.C.

23 §§ 3563(a)(5) and 3583(d); and the alcohol and drug use

24 conditions authorized by 18 U.S.C. § 3563(b)(7).

25     24.   The USAO gives up its right to appeal the sentence,

26 provided that (a) the sentence is within the statutory minimum

27 and maximum specified above and is constitutional, and (b) the

28 Court imposes a sentence within or above the range corresponding

1  to a total offense level of 21, and the applicable criminal

2  history category as determined by the Court.

3                  RESULT OF VACATUR, REVERSAL OR SET-ASIDE

4       25.  Defendant agrees that if any count of conviction is

5  vacated, reversed, or set aside, the USAO may: (a) ask the Court

6  to resentence defendant on any remaining counts of conviction,

7  with both the USAO and defendant being released from any

8  stipulations regarding sentencing contained in this agreement,

9  (b) ask the Court to void the entire plea agreement and vacate

10 defendant's guilty plea on any remaining count of conviction,

11 with both the USAO and defendant being released from all of their

12 obligations under this agreement, or (c) leave defendant's

13 remaining conviction, sentence, and plea agreement intact.

14 Defendant agrees that the choice among these three options rests

15 in the exclusive discretion of the USAO.

16                         COURT NOT A PARTY

17      26.  The Court is not a party to this agreement and need not

18 accept any of the USAO's sentencing recommendations or the

19 parties' stipulations.  Even if the Court ignores any sentencing

20 recommendation, finds facts or reaches conclusions different from

21 any stipulation, and/or imposes any sentence up to the maximum

22 established by statute, defendant cannot, for that reason,

23 withdraw defendant's guilty plea, and defendant will remain bound

24 to fulfill all defendant's obligations under this agreement.  No

25 one -- not the prosecutor, defendant's attorney, or the Court --

26 can make a binding prediction or promise regarding the sentence

27 defendant will receive, except that it will be within the

28 statutory maximum.

1          <u>NO ADDITIONAL AGREEMENTS</u>

2          27.   Except as set forth herein, there are no promises,

3    understandings or agreements between the USAO and defendant or

4    defendant's counsel.   Nor may any additional agreement,

5    understanding or condition be entered into unless in a writing

6    signed by all parties or on the record in court.

7          <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

8          28.   The parties agree and stipulate that this Agreement

9    will be considered part of the record of defendant's guilty plea

10   hearing as if the entire Agreement had been read into the record

11   of the proceeding.

12         This agreement is effective upon signature by defendant and

13   an Assistant United States Attorney.

14   AGREED AND ACCEPTED

15   UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA
16
     GEORGE S. CARDONA
17   Acting United States Attorney

18   _____        _9/11/09_____

19   ARIEL A. NEUMAN                         Date
     JUSTIN RHOADES
20   JEFF MITCHELL
     Assistant United States Attorneys
21

22         I am fluent in English and have carefully read this

23   agreement.   I have carefully discussed every part of this

24   agreement with my attorney.   I understand the terms of this

25   agreement, and I voluntarily agree to those terms.   My attorney

26   has advised me of my rights, of possible defenses, of the

27   sentencing factors set forth in 18 U.S.C. § 3553(a), of the

28   relevant Sentencing Guidelines provisions, and of the

                              13

1 consequences of entering into this agreement. No promises or

2 inducements have been given to me other than those contained in

3 this agreement. No one has threatened or forced me in any way to

4 enter into this agreement. Finally, I am satisfied with the

5 representation of my attorney in this matter.

6 *Dolores Armenta*

7 DOLORES ARMENTA                                          9-3-09
Defendant                                                 Date

8

9        I am DOLORES ARMENTA's attorney. I have carefully discussed

10 every part of this agreement with my client. Further, I have

11 fully advised my client of her rights, of possible defenses, of

12 the sentencing factors set forth in 18 U.S.C. § 3553(a), of the

13 relevant Sentencing Guidelines provisions, and of the

14 consequences of entering into this agreement. To my knowledge,

15 my client's decision to enter into this agreement is an informed

16 and voluntary one.

17

18 *Yolanda Barrera*                                        9-3-09

19 YOLANDA BARRERA                                          Date
Counsel for Defendant

20 DOLORES ARMENTA

21

22

23

24

25

26

27

28

14