GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2917/3380/0698
     Facsimile: (213) 894-3713
     E-mail: ariel.neuman@usdoj.gov
             justin.rhoades@usdoj.gov
             jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMON NARCISO MORALES MENDOZA, ET AL.,<br><br>Defendants. | CR No. 09-230(A)-SVW<br><br>GOVERNMENT'S POSITION RE: SENTENCING FOR DEFENDANT DOLORES ARMENTA<br><br>SENTENCING DATE: **2/22/2010** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its sentencing position relating to defendant Dolores Armenta.

///

///

The United States' position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

DATED: February 4, 2010          Respectfully submitted,

                                       GEORGE S. CARDONA
                                       Acting United States Attorney

                                       CHRISTINE C. EWELL
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                       _____/s/_____
                                       JEFF MITCHELL
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On October 26, 2009, defendant Dolores Armenta ("defendant") pled guilty to Count One of the First Superseding Indictment, conspiracy to distribute more than 100 grams of heroin but less than 400 grams of heroin in violation of 21 U.S.C. § 846. Defendant admitted that she ordered heroin packaged for distribution from co-defendant Pedro Luis Perez-Cruz, aka "Arguayo," who would deliver the heroin to defendant or direct others to deliver the heroin to defendant. Defendant would then sell some of the heroin for profit. (Plea Agreement ¶ 11). Throughout October and November 2008, defendant arranged to purchase heroin from Perez-Cruz for distribution and personal use approximately three times per week. Id. On December 4, 2008, law enforcement found defendant in possession of approximately 6.17 grams of heroin packaged in multi-colored balloons for individual distribution, which had been delivered to her by a co-defendant in the parking lot of a "99 Cent" store in Los Angeles, California. Id.

**II.  THE PRESENTENCE REPORT**

The United States Probation Office ("USPO") prepared a Presentence Report ("PSR"), which was disclosed to the parties on November 30, 2009. The PSR calculated the total offense level as follows:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 26 | U.S.S.G. § 2D1.1(c)(7) |
| Minor Role | : | -2 | U.S.S.G. § 3B1.2(b) |
| Acceptance of Responsibility | : | -3 | U.S.S.G. § 3E1.1 |

1

PSR ¶¶ 25-34; see also, Plea Agreement ¶ 14. The PSR also calculated a criminal history category of I based on zero criminal history points. (PSR ¶ 42). The PSR calculated the guideline sentence to be 60 month imprisonment, a minimum of 4 years' supervised release, and a mandatory special assessment of $100. (PSR ¶¶ 84-96). The PSR also indicated that if defendant satisfied the safety valve criteria an additional two level reduction would apply and her guideline range would become 30-37 months. (PSR ¶ 85).

### III. PROBATION OFFICE'S RECOMMENDATION

The United States Probation Office recommended the following sentence: a 60-month term of imprisonment, a four-year term of supervised release, and a special assessment of $100. (USPO Recommendation Letter at 1). The Probation Officer found that defendant does not have the ability to pay a fine. Id. at 5. The United States Probation Office also recommended that if defendant satisfied the safety valve criteria, she should be sentenced to the low-end of her corresponding range -- 30 months. Id.

### IV. THE GOVERNMENT'S RECOMMENDATION

The United States does not object to the calculations and findings set forth in the PSR,[1] or to the Probation Officer's recommendation for a low-end guideline sentence. Further, the government believes that defendant has satisfied the fifth and

---

[1] The United States, thus, hereby moves and requests the Court to grant defendant the additional 1-level reduction, pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on the timely notification of defendant's intention to plead guilty. U.S.S.G. § 3E1.1(b).

2

final element of the safety valve criteria. On September 18, 2009, defendant successfully completed a safety valve proffer.

Accordingly, and as set forth herein, the United States submits that defendant should be sentenced to the low end of the guideline range.[2] Specifically, the government recommends the following sentence: a term of 30 months imprisonment, followed by a 4-year term of supervised release, and a mandatory special assessment of $100. The recommended sentence addresses the considerations set forth at 18 U.S.C. § 3553(a), as discussed herein.

### 1. The Nature And Circumstances Of The Offense and the History and Characteristics of the Defendant

Section 3553(a)(1) provides that the Court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. Here, defendant has admitted to distributing heroin. (Plea Agreement ¶ 11).

As with many of the defendants in this case, the defendant has a long history of drug addiction and has been using heroin on and off for approximately 32 years. (PSR ¶ 60). Defendant has also participated in a substance abuse programs but relapsed. (PSR ¶ 61-62).

While defendant does not have any qualifying convictions for criminal history purposes, she does have several prior arrests and convictions. The government does not believe these prior arrests and convictions misrepresent her criminal history or

---

[2] In United States v. Booker, 125 S. Ct. 738 (2005), the United States Supreme Court held that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." 125 S. Ct. at 757.

3

warrant an upward departure.  However, as the PSR notes, they are "indicative of defendant's continual disregard for the law, the likelihood of recidivism, and the need to protect others from the threat of future criminal behavior."  (USPO Recommendation Letter at 5).

### 2. The Need For The Sentence Imposed

Section 3553(a)(2) provides that in determining the particular sentence, the Court shall consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct.  As alleged in the indictment, the instant conspiracy was a long-running conspiracy kept going by various members of the Mendoza organization in Mexico, who would come to the United States in order to coordinate and facilitate the distribution of heroin.  The offense was a serious one in that this organization was responsible for the distribution of large amounts of heroin throughout southern California, continuously supplying the region for many years.  In order to deter the organization from continuing to operate and to deter others from attempting to replace those arrested, a significant period of incarceration is warranted for defendant.

Moreover, defendant's addiction to controlled substances is long-running and has resulted in a continued disregard for the law.  Accordingly, a significant term of imprisonment is needed to impress upon defendant the seriousness of his conduct.

### 3. Need to Avoid Unwarranted Sentence Disparities

Section 3553(a)(6) provides that in determining the

4

particular sentence, the Court shall consider the need to avoid unwarranted sentence disparities.  Following the recommended sentencing guideline range will avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  Here, the USPO has recommended a low-end guideline range for defendant, 30 months.

The majority of the defendants in this matter have faced statutory mandatory minimum sentences.  However, three co-defendants have successfully completed the safety valve requirements.  In particular, Gabriel Ortiz Cruz ("Ortiz Cruz") was sentenced to 36 months; Pedro Pablo Avena Cuna ("Cuna") was sentenced to 36 months; and Fredy Lopez Salmoran ("Salmoran") was sentenced to 24 months.  Ortiz Cruz was a mid-level distributor and is more culpable than defendant.  However, co-defendants Cuna and Salmoran are similarly situated to defendant in culpability and criminal history.  To avoid unwarranted sentencing disparities, defendant should be sentenced to a term of imprisonment between the sentences received by Salmoran and Cuna -- 24 and 36 months.  Therefore, the government recommends that defendant be sentenced to the low-end of her guideline range -- 30 months.

**V.   CONCLUSION**

For the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of 30 months imprisonment, four years of supervised release, and a special assessment of $100.